TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Mark Bonville

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Bonville, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Alternative Recovery Management; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Mark Bonville, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Mark Bonville (hereafter "Plaintiff"), is an adult individual residing in Chandler, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Alternative Recovery Management (hereafter "Defendant"), is a California company with an address of  8204 Parkway Drive, Suite 9, La Mesa, California 91942, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

2

6.      Does 1-10 (the "Collectors") are individual collectors employed by Alternative and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      At all times, Defendant acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.      The Debt**

8.      The Plaintiff allegedly incurred a financial obligation in the approximate amount of $13,391.00 (the "Debt") to Citi (the "Creditor").

9.      The Debt arose from services provided by the Creditor, which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect the Debt.

11.      Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.      Defendant Engages in Harassment and Abusive Tactics**

12.      Beginning in July of 2012, Defendant began placing calls to Plaintiff's cellular phone in an attempt to collect the Debt.

3

13.     During an initial phone conversation, Defendant identified himself as "Jim Anderson from American Insurance Organization" and stated that Plaintiff needed to call him back about something very important.

14.      Defendant continued to place calls to Plaintiff, later identifying himself by a different name, "Mike Anderson."  When Plaintiff asked if he was "Jim Anderson," Defendant stated that he had never identified himself by that name.

15.     On several occasions, Defendant failed to identify the name of its company.

16.     Defendant also threatened Plaintiff, stating that it "did not want to have to call you [Plaintiff] at work," and yelled at Plaintiff over the phone.

17.     On August 16, 2012, Plaintiff received a letter from Defendant, demanding an immediate payment to satisfy the Debt.  The letter also stated that Defendant would begin an "Asset-Debt Investigation," implying legal action would be taken.

**C.     Plaintiff Suffered Actual Damages**

18.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff has suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

4

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

20.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

22.     The Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

23.     The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

24.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

25.     The Defendants used a name other than the true name of the debt collection agency, in violation of 15 U.S.C. § 1692e(14).

26.     The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

27.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C.  Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D.  Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations; and

E.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  September 6, 2012                    LEMBERG & ASSOCIATES, LLC


By:  */s/  Trinette G. Kent*
Trinette G. Kent

Attorney for Plaintiff
Mark Bonville

6